```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ROBERT OLIVER,

                        Plaintiff,
                                                ORDER
            -against-                           21-CV-6028(JS)(ST)

SUFFOLK COUNTY CORRECTIONAL FACILITY,
ERROL D. TOULON, JR., Warden; NEW YORK
STATE, SUFFOLK COUNTY; MEDICAL
DEPT. YAPHANK CORR. FAC.,

                        Defendants.
----------------------------------------X
```

APPEARANCES:

For Plaintiff:      Robert Oliver, pro se
                    335161
                    Suffolk County Correctional Facility
                    110 Center Drive
                    Riverhead, New York  11901

For Defendants:     No appearances.

SEYBERT, District Judge:

On October 28, 2021, pro se plaintiff Robert Oliver ("Plaintiff"), who is incarcerated at the Suffolk County Correctional Facility, commenced this action by filing a Complaint along with an application to proceed in forma pauperis ("IFP"). (Compl., ECF No. 1; IFP Mot., ECF No. 2). Upon review of Plaintiff's declaration submitted in support of his IFP application, the Court finds that Plaintiff is qualified by his financial status to commence this action without prepayment of the filing fee. Accordingly, Plaintiff's application to proceed IFP is GRANTED.

Further, pursuant to this Court's January 23, 2012 Consolidation Order in Butler v. DeMarco, No. 11-CV-2602 (JS)(ST) (E.D.N.Y.) (the "Consolidated Action"), the Court has reviewed the instant Complaint and finds that it relates to the subject matter of the Consolidated Action. (Consol. Order, No. 11-CV-2602, ECF No. 327.) Accordingly, this action shall be consolidated with the Consolidated Action. This affects Plaintiff in the following ways:

1. Plaintiff in this action shall become a member of the certified classes in Butler (No. 11-CV-2602);[1]

---

[1] The classes are defined as follows:

> (1) [A]n Injunctive Class comprised of all persons who, now or at any time in the future, are or will be detainees or prisoners in the custody of the Suffolk County Sheriff's Department and housed in the SCCF [Suffolk County Correctional Facility], with separate subclasses for those persons detained in Riverhead and Yaphank; and
>
> (2) [A] Damages Class comprised of all persons who are or were detainees or prisoners in the custody of the Suffolk County Sheriff's Department and housed in the SCCF and who were or will be released from the SCCF on or after April 5, 2009, with separate subclasses for those persons detained in Riverhead and Yaphank.

(See Aug. 29, 2016 Order, No. 11-CV-2602, ECF No. 428, at 2-3.)

On August 29, 2016, in the Consolidated Action, this Court adopted then-Magistrate Judge Gary R. Brown's Report and Recommendation and granted the Consolidated Action Defendants' cross motion to amend the class definitions to "exclude all Suffolk County Correctional Facility inmates 'who were or have been housed

2

    2.    Any claims in the instant Complaint that are not included in the Consolidated Amended Complaint in <u>Butler</u> shall be severed (<u>see</u> Consol. Order at 17 (describing the process for proceeding with any severed claims after the resolution of the Consolidated Action)); and

    3.    Plaintiff, as a member of the class, shall be represented by <u>pro bono</u> counsel, Shearman & Sterling LLP.[2] Accordingly, Plaintiff's application for the appointment of <u>pro bono</u> counsel is DENIED as moot.

A copy of the Consolidation Order and the Consolidated Amended Complaint (the operative Complaint) in <u>Butler</u> are annexed to this Order.

If Plaintiff does **not** wish to proceed as a member of the Consolidated Action, he must inform the Court, in writing, within thirty (30) days after receiving a copy of this Order. Upon receipt of such a letter, the Court will direct the Clerk of the Court to sever this Complaint from the Consolidated Amended Complaint and reopen and reinstate this individual <u>pro se</u> action.

For the foregoing reasons, Plaintiff's application to proceed IFP (ECF No. 2) is GRANTED. The Clerk of the Court is

---

exclusively at the new jail facility in Yaphank, New York.'" (<u>Id.</u> at 3-5.)

[2] Counsel's mailing address is:

    Daniel Hector Rees LaGuardia
    Shearman & Sterling
    599 Lexington Avenue
    New York, NY 10022

Counsel's telephone number is: (212) 848-4000.

directed to CONSOLIDATE this matter with Butler v. DeMarco, No. 11-CV-2602; to mail a copy of this Order, the Consolidation Order (No. 11-CV-2602, ECF No. 327), and the Consolidated Amended Complaint (No. 11-CV-2602, ECF No. 334) to Plaintiff at his last known address; and to mark this case CLOSED.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   November  18 , 2021
         Central Islip, New York